IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | Case No. 3:21-cr-0014 |
| ) | |
| ALLANY PETERSON-MENDEZ,      ) | |
| ) | |
| Defendant.      ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is Defendant Allany Peterson-Mendez's ("Defendant" or "Peterson-Mendez") Motion to Dismiss or in the alternative to Exclude Evidence, ECF No. 27, filed on April 18, 2022. The United States ("Government") filed an opposition on May 3, 2022. (ECF No. 30.) Defendant filed a reply thereto on May 9, 2022. (ECF No. 31.) The Court held a hearing on August 4, 2022. For the reasons set forth below, the Court will grant Peterson-Mendez's motion to the extent that it seeks to exclude evidence and deny the motion to the extent that it seeks dismissal.

## I. BACKGROUND

This dispute stems from a continuance secured by the United States (the "Government") under false pretenses. This case commenced with the filing of a criminal complaint on July 26, 2021. The Government subsequently filed an Information on August 25, 2021. Peterson was arraigned on September 8, 2021, and this matter was set for trial for October 25, 2021, with a September 15, 2021, discovery deadline. On October 6, 2021, the Court *sua sponte* continued the trial in this matter to April 4, 2022.

On March 25, 2022, the Government filed a motion to continue the April 4, 2022 trial, arguing that the drug chemist, Francheska Corujo-Carro ("Corujo"), "a material witness," was unavailable due to lack of childcare. ECF No. 24 at 1. The defense did not object to the continuance. The Court held a status conference on March 30, 2022, wherein the Government notified the Court that Corujo was subpoenaed in mid-March to appear at the April 4, 2022 trial. The Court granted the Government's motion to continue and rescheduled

the April 4, 2022 trial to May 16, 2022. *See* ECF No. 25. The Court, however, declined to exclude the time between April 4, 2022, and May 16, 2022 from the Speedy Trial clock.

On April 13, 2022, almost seven months after the deadline for the completion of discovery, the Government provided additional discovery to Peterson-Mendez. Included in that discovery was a laboratory analysis of the cannabis allegedly seized from Peterson-Mendez, completed on September 10, 2021, by chemist Charlotte Castro ("Castro"). Not only had the Government previously turned over the incorrect lab report to Peterson-Mendez, but it had been in possession of the correct report since September 10, 2021, and secured a continuance based on its representation that Corujo was unavailable – a chemist who turned out to be not involved in this case.

On April 18, 2022, Peterson moved for dismissal or, in the alternative, exclusion of the Castro report, citing discovery violations. *See* ECF No. 27. On May 9, 2022, the Court continued the May 16, 2022 trial *sine die.* On May 11, 2022, the Court held a status conference and ordered the parties to provide certain documents, as well as file simultaneous briefs citing additional legal authority regarding Peterson-Mendez's motion to dismiss. *See* ECF Nos. 35, 37. On August 4, 2022, the Court held a motions hearing via Microsoft Teams on the pending motion to dismiss.

## II. LEGAL STANDARD

Rule 16 outlines the parties' discovery obligations in a criminal proceeding, providing that:

> (E) Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> > (i) the item is material to preparing the defense;
> >
> > (ii) the government intends to use the item in its case-in-chief at trial; or
> >
> > (iii) the item was obtained from or belongs to the defendant.

(F) Upon a defendant's request, the government must permit a defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:

      (i) the item is within the government's possession, custody, or control;

      (ii) the attorney for the government knows—or through due diligence could know—that the item exists; and

      (iii) the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial.

Fed. R. Crim. P. 16(a)(1). Rule 16 further describes the available remedies where a party fails to meet those obligations, providing:

(2) Failure to Comply. If a party fails to comply with this rule, the court may:

      (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;

      (B) grant a continuance;

      (C) prohibit that party from introducing the undisclosed evidence; or

      (D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2).

When fashioning an appropriate remedy following a discovery violation, "a district court should consider the reasons for the party's delay in producing the materials, including whether it acted intentionally or in bad faith, and the degree of prejudice to the opposing party." *United States v. Lee*, 573 F.3d 155, 161 (3d Cir. 2009) (citations omitted). Moreover, a district court should "impose the least severe sanction that will accomplish prompt and full compliance with the discovery order." *Jacobs v. Gov't of the V.I.*, 53 F. App'x. 651, 652 (3d Cir. 2002) (quoting *United States v. Ivy*, 83 F.3d 1266, 1280 (10th Cir. 1996)). "In some circumstances a district court may 'suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the [party entitled to the disclosure] may not be prejudiced.'" *United States v. Yepa*, 608 F. App'x. 672, 678 (10th

Cir. 2015) (quoting *United States v. Wicker*, 848 F.2d 1059, 1061 (10th Cir. 1988)); *see United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979) (there is no abuse of discretion when "a district judge for prophylactic purposes suppresses evidence. . . the government should have disclosed earlier.").

## III. DISCUSSION

In his motion, Peterson-Mendez requests dismissal, or in the alternative, exclusion of the Castro lab report. *See generally* ECF No. 27. Petersen-Mendez argues that exclusion is proper because of the Government's untimely disclosure, the Government's misrepresentation that a material witness was unavailable to secure a continuance of the April 4, 2022 trial, and the prejudice of a six-week delay. *Id.* The Government opposes, arguing that Peterson-Mendez did not object to the continuance of the April 4, 2022 trial, that their conduct throughout discovery was the result of mere oversight, and that there is no prejudice to the defense. *See generally* ECF No. 30.

As an initial matter, the Government's argument that Peterson is not entitled to dismissal or exclusion because he did not object to the continuance of the April 4, 2022 trial is quite troubling. The crux of Peterson-Mendez's motion is that the Government misrepresented the unavailability of a material witness to secure the motion. The Court draws no unfavorable inference against the Defendant by his failure to object – after all, it is well-settled that the unavailability of a material witness is a valid reason to continue a trial and exclude the interim time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(3); *see also United States v. Hamilton*, 46 F.3d 271, 276 (3d Cir. 1995). The Court posits, however, that Peterson likely *would have* objected to the motion for continuance if the Government truthfully based its request on a witness who had no involvement whatsoever in this case having child-care issues for the week of April 4, 2022. The Court finds that this argument is utterly devoid of merit.

In fashioning the appropriate remedy, the Court "should consider the reasons for the party's delay in producing the materials, including whether it acted intentionally or in bad faith, and the degree of prejudice to the opposing party." *Lee*, 573 F.3d at 161 (citations omitted). The Court must then "impose the least restrictive sanction which will adequately

punish the Government and secure future compliance." *United States v. Sterling,* 724 F.3d 482, 512 (4th Cir. 2013) (quoting *United States v. Hastings*, 126 F.3d 310, 317 (4th Cir. 1997)) (quotation marks omitted). Indeed, it "would be a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceeding." *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002).

Looking to the first factor, the Court finds the Government's reasons for the delay to be unacceptable. The Court finds little merit in the assertion that the Government's discovery issues in this case are the result of "mere oversight." ECF No. 30 at 3. Given the number of marijuana-related cases pending before this Court, the Government is expected to exercise the bare minimum of thoroughness in its prosecution of these defendants and in meeting its discovery deadlines. This bare minimum involves a cursory review of lab reports before turning them over to defendants in discovery. Here, a cursory comparison of the Carujo and Castro lab reports reveal significant differences. The evidence tested in the Carujo report was received on June 15, 2021, more than a month before Peterson-Mendez was arrested. *Compare* ECF No. 39-2 (Carujo report) *with* ECF No. 1-1 at 3. The amount tested in the Carujo report was nearly 10,000 grams, while Peterson was only found in possession of 2.2 kilograms. *Compare* ECF No. 39-2 (Carujo report) *with* ECF No. 1-1 at 3. The packaging evident from the Carjuo report differs significantly from what Castro tested. *Compare* ECF No. 39-2 (Carujo report) *with* ECF No. 1-ECF No. 39-4 (Castro report). The Court finds that while the Government's production of the wrong report may indeed have been an oversight, the opportunity for such oversight was only created by its reckless administration of the cases it is trusted to prosecute, and that a bare minimum of diligence or familiarity with those prosecutions would have revealed that the Carujo report was clearly not connected to the instant case. This is especially egregious where the Government was in possession of the Castro report on September 10, 2021, but simply overlooked the fact that it had a discovery deadline of September 15, 2021, in this case, instead waiting to produce the wrong lab report on October 19, 2021. *See* ECF No. 39.

Continuing to the second factor, the Court must note that United States Attorney's Office in this district has a long, illustrious history of discovery violations. *See, e.g.,* ECF No.

27-1 (collecting numerous cases where the Government has produced discovery after the discovery deadline); *see, e.g.*, *United States v. Mangampat*, Case No. 3:19-cr-0068, ECF No. 53, at 8 n. 8; *see also, generally, United States v. Dunn*, Case No. 3:21-cr-0004; *United States v. Peterson*, Case No. 3:19-cr-0060. While the Court does not believe the Government "intentionally" violated the discovery deadline in this matter, nor did it intentionally misrepresent its basis for continuance to the Court, the Court finds that the cavalier attitude of the Government with respect to this and other deadlines demonstrates a "reckless disregard of the discovery deadline" and its legal obligations, and amounts to bad faith. *See United States v. Davis,* 244 F.3d 666, 672 (8th Cir. 2001).

As to the third factor, the Court finds that Peterson-Mendez has suffered little prejudice. Peterson has been released on bond since July 26, 2022, three days after his arrest. While supervised release certainly restrains his liberty, it does not nearly rise to the level it would if Peterson-Mendez had been incarcerated for this time.

Although Peterson has suffered minimal prejudice, "[i]n some circumstances a district court may 'suppress evidence that did not comply with discovery orders to maintain the integrity and schedule of the court even though the [party entitled to the disclosure] may not be prejudiced.'" *Yepa*, 608 F. App'x. at 678 (quoting *Wicker*, 848 F.2d at 1061); *see Campagnuolo*, 592 F.2d at 858 (there is no abuse of discretion when "a district judge for prophylactic purposes suppresses evidence. . . the government should have disclosed earlier.").

Here, the Court is mindful that it must not simply impose the least restrictive sanction possible, because that would call for a continuance in every instance and render Rule 16(d) largely superfluous. Rather, the Court must "impose the least restrictive sanction which will adequately punish the Government and secure future compliance." *Sterling,* 724 F.3d at 512 (quoting *Hastings*, 126 F.3d at 317) (quotation marks omitted). The Court finds that an order permitting inspection or a continuance will do nothing to secure the Government's future compliance with discovery orders. A general review of this Court's docket reveals numerous instances where the Government has failed to meet its discovery obligations and the case is continued.

*U.S. v. Peterson-Mendez*
Case No. 3:21-cr-0014
Order
Page 7 of 7

Instead, in light of the Government's inexcusable reason for delay and reckless bad faith, the Court finds exclusion of the Castro lab report as well as any testimony from Castro herself to be "the least restrictive sanction which will adequately punish the Government and secure future compliance." *Sterling,* 724 F.3d at 512 (quoting *Hastings*, 126 F.3d at 317) (quotation marks omitted). Accordingly, it is hereby

**ORDERED** that Defendant's motion to dismiss or in the alternative to exclude evidence, ECF No. 27, is **DENIED** to the extent that it seeks dismissal; it is further

**ORDERED** that Defendant's motion, ECF No. 27, is **GRANTED** to the extent that it seeks exclusion; and it is further

**ORDERED** that the Castro report and any testimony by Castro regarding her lab report are **EXCLUDED**.

**Dated:** September 26, 2022            */s/ Robert A. Molloy*
                                                  **ROBERT A. MOLLOY**
                                                  **Chief Judge**